IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 cv 9207 |
| | ) ) | Judge Zagel |
| v. | ) ) | |
| D and B CONSTRUCTION | ) ) | |
| Defendant. | ) ) | |

**MOTION FOR JUDGMENT BY DEFAULT**

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield of Whitfield McGann & Ketterman, and respectfully request that a Judgment by Default be entered against the Defendant, D and B CONSTRUCTION In support of the motion, the Plaintiffs state as follows:

1. Plaintiffs filed their Complaint on December 28, 2011 and the Defendant was served with a copy of the Complaint and Summons on February 8, 2012.

2. The Defendant has failed to appear, answer or otherwise plead within the time allowed by the Federal Rules of Civil Procedure.

3. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

4. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

5. D and B CONSTRUCTION is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

6. The Collective Bargaining Agreement also binds D and B CONSTRUCTION to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

7. D and B CONSTRUCTION is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

8. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, D and B CONSTRUCTION is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

9. An audit was conducted, and D and B CONSTRUCTION breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon hours worked by employees and/or measured by the hours worked by subcontractors. The amount of contributions owed to the Trust Funds as a consequence of this breach for the period January 1, 2010 through March 31, 2012 is $62,557.00. (Exhibit C – Declaration of John Libby)

10. The Defendant owes interest on the unpaid ERISA contributions in the amount of $3,368.09 pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(B). (Exhibit C – Declaration of John Libby)

11. The Defendant owes liquidated damages on the unpaid ERISA contributions in the amount of $12,159.26 pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(C)(ii). (Exhibit C – Declaration of John Libby)

12. Plaintiffs have been required to employ the undersigned attorneys to compel payment of the unpaid contributions.

13. D and B CONSTRUCTION is obligated to pay the attorney fees and court

costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D). Attorney fees and court costs are currently $4,888.00. (Exhibit D – Declaration of David Whitfield) (Exhibit E – Detailed Attorney Fees)

14. The Defendant owes $2,970.00 for necessary and reasonable audit fees, which are collectible under the terms of the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D). (Exhibit C – Declaration of John Libby).

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a Judgment by Default directing the Defendant within 10 days to submit payment to the Plaintiffs' in the amount of $85,962.35. In addition, the Plaintiffs request that this Court retain jurisdiction to award the Plaintiffs' their costs and attorneys' fees incurred in executing or otherwise collect on this judgment.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By: /s/David Whitfield
_____
DAVID WHITFIELD

Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Firm Case Number N8996
October 11, 2012

# EXHIBIT LIST

<u>EXHIBIT A</u>
Signed Agreement

<u>EXHIBIT B</u>
Copy of Returned Service of Summons

<u>EXHIBIT C</u>
Declaration of John Libby

<u>EXHIBIT D</u>
Declaration of David Whitfield

<u>EXHIBIT E</u>
Detailed Billing of Whitfield, McGann & Ketterman